IN THE UNITED STATES DISTICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DAVID PENTON**                                                                                      **PLAINTIFF**

**VS.**                                                                    **CAUSE NO.:** 1:25cv353 TBM-RPM

**DEEP SOUTH MARINE RESTORATION, LLC;**
**WALTER ARCHIE JOHNS; AND**
**JOHN AND JANE DOES A; B; C; AND D**                                              **DEFENDANTS**

**COMPLAINT**

**JURY TRIAL REQUESTED**

COMES NOW, David Penton (hereinafter "Plaintiff" or "Mr. Penton"), by and through counsel of record, William B. Bedwell, Attorney-At-Law, P.L.L.C., and files this his Complaint against Defendants, Deep South Marine Restoration, LLC (hereinafter "Deep South" and/or "Defendant"), Walter Archie Johns (hereinafter "Defendant" or "Mr. Johns"), and John and Jane Does A through D, and in support thereof, states as follows:

**I. Parties**

1.     Plaintiff, David Penton, is an adult citizen of Jackson County, Mississippi, currently residing at 1108 Hastings Road, Gautier, MS 39565.

2.     Defendant, Deep South Marine Restoration, LLC, is a foreign company, incorporated in Louisiana, and registered to do business in Mississippi. Defendant's sole member, Walter Archie Johns is a citizen of the State of Louisiana. Defendant may be served through its Registered Agent, Walter Archie Johns, 4250 Poplar Drive, Slidell, LA 70461.

1

3. Defendant, Walter Archie Johns, sole member of Deep South Marine Restoration, LLC is a an adult resident citizen of Slidell, Louisianna, and may be served as provided by law.

4. Defendants John and Jane Does A through D are individuals and/or entities who caused or contributed to the damages of Plaintiff complained of herein, who are agents of Defendant Deep South Marine Restoration, LLC and/or Defendant Walter Archie Johns, or who have a contractual liability to compensate Plaintiff for the damages complained of herein, but whose identities and/or scope of their liability are presently unknown to the Plaintiff. Plaintiff will amend his Complaint to identify John and Jane Doe Defendants and describe their liability when their true identities and liability are ascertained.

## II. Subject Matter and Personal Jurisdiction and Venue

5. This Court has jurisdiction under 28 U.S.C. § 1332. Venue is proper in the Southern District of Mississippi under 28 U.S.C. § 1391 as this action is civil in nature and within the applicable limits of alleged damages. The court has jurisdiction since there is complete diversity of the parties -- Plaintiff being a Mississippi Citizen, Defendant, Deep South, by virtue of the citizenship of its sole member, being a Louisiana Citizen, and Defendant Walter Archi Johns, being a Louisiana Citizen -- and the controversy exceeds $75,000.

## III. Factual Allegations

6. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 3 as though fully set forth herein.

7. Between December 2024 and March 2025, David Penton entered into oral contract with Deep South Marine Restoration, LLC through its sole member, Walter Archie Johns, for Deep South to repair his bulkhead, wooden dock, and pilings on his property at 1108 Hastings Road,

Gautier, MS 39553, which abuts the Pascagoula River. The purpose of the repairs were to allow Mr. Penton to backfill the bulkhead with dirt, rocks, concrete, and rip-rap and prevent future washouts of the area.

8. Deep South, through its sole member Mr. Johns, provided estimates for the repairs totaling on December 16, 2024 for 9,800.00 and Mr. Penton paid Deep South $5,000 on February 25, 2025 and $4,800.00 on March 4, 2025.

9. Deep South, through its sole member Mr. Johns, provided an estimate for dock repairs on March 13, 2025 for $4,880.00 and Mr. Penton paid Deep South $3500.00 on March 17, 2025.

10. Deep South, through it sole member Mr. Johns, provided an estimate for piling removal and repair on March 13, 2025 for $14,300.00 and Mr. Penton paid Deep South $8,958.00 on March 13, 2025, and $5,000 on March 14, 2025.

11. In total Mr. Penton paid $27,258.00 to Deep South to repair his bulkhead, wooden dock, and extend pilings.

12. Mr. Johns, sole member and owner of Deep South, assured Mr. Penton he would dive into the Pascagoula River to examine the bulkhead pilings to be sure a repair can be done to meet normal specifications.

13. Deep South began performing the contracted work on February 24, 2025, and asserted on or about March 30, 2025 to Mr. Penton that the work was complete.

14. Deep South, failed to tie in pile splices with in-kind size and splice length along the pilings on retainer wall, despite Mr. Johns claiming to Mr. Penton the work was completed with quality in kind repair.

3

15. Deep South also did not properly repair the dock and only performed a mishmash of substandard carpentry work on said dock, which left it aesthetically unpleasing and structurally unsound, despite Mr. Johns claiming to Mr. Penton the work was complete.

16. Deep South further never examined the underwater portion of the bulkhead pilings and made no substantial repairs to the bulkhead pilings or bulkhead itself, despite Mr. Johns claiming to Mr. Penton the work was complete.

17. Instead of repairing the bulkhead pilings, Deep South merely pulled the bulkhead back straight and used existing rotten pilings for tiebacks.

18. In doing so, Deep South only straightened the existing piles/wall and, upon information and belief, this caused the washed out and or rotten pilings to fall down the drop off into the river causing more loss and damage.

19. In the alternative, upon information and belief, Deep South's failing to complete the contracted for work and/or incorrect repairs caused the bulkhead to fail and fall into the river.

20. On April 1, 2025, the allegedly "repaired" bulkhead failed and collapsed into the Pascagoula, River.

21. On April 5, 2025, only after urging by Mr. Penton, Deep South and Mr. Johns returned to the site and attempted to tie the bulk head wall up to prevent the bulkhead and pilings from collapsing further into the river.

22. Thereafter, Deep South, through its sole member Mr. Johns, refused to make any further repairs and abandoned the incomplete job and substantially damaged bulkhead.

### IV. Count I: Breach of Contract

23. Plaintiff alleged each and every allegation set forth in paragraphs 1 through 20, and incorporates them be reference herein.

24. Mr. Penton and Deep South, through its sole member Mr. Johns, entered into a valid contract for repairs to the bulkhead, wooden dock, and pilings on Mr. Penton's property.

25. Mr. Penton fully performed his obligations under the contact.

26. Deep South and Mr. Johns materially breached the contract in the ways alleged herein, including, but not limited to, by: (a) performing the work in a slipshod, substandard, defective, and incomplete manner, (b) failing to complete work called for in the contract, and (c) causing serious and irreparable damage to bulkhead and pilings in the course of work

27. As a direct and proximate cause of Defendants' breach of contract, Plaintiff has suffered and continues to suffer damages in excess of $75,000.00.

### V. Count II: Negligence

28. Plaintiff realleges the facts and allegations set for in paragraphs 1 through 24, and incorporates them by reference herein.

29. Deep South and Mr. Johns owed Mr. Penton a legal duty to make the repairs to his wooden dock, pilings, and bulkhead in a workmanlike manner consistent with the standard of care in the dock repair and construction industry in Mississippi.

30. Deep South and Mr. Johns breached this duty in the several ways alleged herein, including, but not limited to, by: (a) performing the work in a slipshot, substandard, defective, and incompetent and incomplete manner, not in a workmanlike manner consistent with the standard of

care in the dock repair and construction industry in Mississippi, (b) failing to complete work called for in the contact, and (c) causing serious and irreparable damage to the dock, pilings, bulkhead in the course of work.

31. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered and continues to suffer damages in excess of $75,000.00.

## VI. Count III: Fraud

32. Plaintiff realleges the facts and allegations set forth in paragraphs 1 through 28, and incorporates them by reference herein.

33. Mr. Johns and Deep South made deliberate misrepresentations of material fact as set forth herein, including that it would examine and repair Mr. Penton's underwater pilings and bulkhead, and that, in fact, Deep South and Mr. Johns never inspected the portion of the pilings and bulkhead which were underwater and made no repairs to those underwater portions.

34. In fact, these misrepresentations were false and Mr. Johns and Deep South knew that they were false when they made them to Mr. Penton.

35. Mr. Penton reasonably relied on these misrepresentations in making his payments to Mr. Johns and Deep South, not knowing that they were false.

36. Mr. Penton would not have made these payments had he known Mr. Johns and Deep South would not inspect the underwater portions of the pilings and bulkhead and would not repair those portions.

37. As a direct and proximate cause of his reliance on Defendants' misrepresentations, Plaintiff has suffered, and continue to suffer damages, the exact amount to be proved at trial.

### VII. Punitive Damages

38. The above-described acts and omissions of the Defendants were undertaken intentionally or with gross negligence, such that Defendants should be required to pay punitive damages in an amount to be determined by a Jury that is sufficient to punish Defendants, and to set an example to deter Defendants and others similarly situated from engaging in such conduct in the future.

39. In the event punitive damages are awarded, Plaintiff also seeks an award of reasonable attorney's fees in an amount not less than 40% of total compensation awarded to Plaintiff, and all expenses incurred in prosecuting Plaintiff's claims.

### VIII. Damages

40. By refence, each of the proceeding paragraphs are adopted and incorporated herein.

41. But for Defendants' intentional acts and acts of negligence, breach of contract, fraud, and other causes of action describe in each of the preceding paragraphs Plaintiffs would not have suffered the damages complained of herein. The intentional, negligent and grossly negligent and other outlined conduct of the Defendants, discussed herein above, were the proximate and/or contributing cause of the damages suffered by the Plaintiff.

42. As a direct and proximate result of the intentional conduct, negligence, gross negligence, fraud, and other conduct of the Defendants, as set forth above, the Plaintiff sustained and suffered numerous harms and damages described herein for which Plaintiff should be compensated by the Defendants.

43. All of the above damages are directly and proximately caused by the above named

acts and omissions of Defendants and were incurred with no contributory negligence or assumption of the risk on the part of Plaintiff.

44. As a direct and proximate result of Defendants' intentional acts, negligence, carelessness, recklessness, fraud, and/or gross negligence, as set forth in each of the preceding paragraphs, Plaintiff is entitled to and demand from Defendants, jointly and severally, the following damages: (a) Any and all damages as set forth in the preceding paragraphs; (b) Actual damages; (c) Compensatory damages; (d) Punitive damages; (e) Attorney fees and costs in amount to be awarded by the Court post judgment; (f) Pre-judgment and post-judgment interest in an amount allowed by law, but not less than 8%; (g) Any and all additional damages to be shown at trial and/or deemed appropriate by this Honorable Court.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff, David Penton prays that upon trial by jury of this cause, judgment be entered against Defendants, as follows:

a) For a declaration that the contract is rescinded due to Defendants' breach;

b) For compensatory damages in the amount to be determined at trial, but at least $125,000.00;

c) For exemplary damages in an amount to be determined at trial;

d) For punitive damages in an amount to be determined at trial;

e) For restitution of any monies enjoyed, received, or saved as a result of Defendants' improper conduct and unjust enrichment;

f) For an award of statutory interest;

g) For attorneys' fees and costs of suit incurred herein; and

h) For such other relief as the Court deems just and proper.

Respectfully Submitted,

This the 21st day of November , 2025.

DAVID PENTON

By and through counsel of record:

/s/ *William B. Bedwell*_____
William B. Bedwell (MSB #105800)
Attorney-At-Law, P.L.L.C.
702 Watts Ave
P.O. Box 2129
Pascagoula, MS 39569
Phone: 228-202-1202
Mobile: 601-550-8629
Fax: 228-366-9085
will@bedwellattorney.com